## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                      **CASE NO. 4:23-CR-00100-BSM**

**RODNEY MAURICE RAGLIN**
**Reg. No. 23706-009**                                    **DEFENDANT**

## ORDER

Rodney Raglin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 [Doc. No. 82] is denied.

Raglin pled guilty to being a felon in possession of a firearm and was sentenced to 84 months' imprisonment.  Doc. No. 51.  He now moves to vacate his sentence under 28 U.S.C. section 2255, claiming his lawyer was ineffective for not providing him adequate support and failing to keep him informed about his case.  *See* Doc. No. 82.  Raglin argues his lawyer "showed no interest [and was] just working to get a plea and move to the next person."  *Id*.

Ineffective assistance of counsel claims are analyzed pursuant to the two-part standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  This standard requires Raglin to show that his lawyer's performance fell below an objective standard of reasonableness, causing his case to be prejudiced.  The motion is denied because Raglin does not provide sufficient detail to support his claim; he does not explain what information was withheld from him, what support he was not provided, or how this alleged inattentiveness caused him prejudice. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. section

2255), cert. denied, 479 U.S. 965 (1986). Moreover, because Raglin pled guilty, he may only seek relief for ineffective assistance relating to the negotiation and entry of his plea agreement. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984). Raglin's allegation that his lawyer was in a rush does not indicate he entered the plea agreement unwillingly or without knowledge, and nothing in the record does either. *See* Plea Transcript, Doc. No. 57 (testifying to understanding of charges, penalties and voluntariness of plea). As to Raglin's claim that his lawyer said he would get a life sentence if he went to trial; this is contradicted by the record because his statutory maximum sentence was fifteen years, and in any case, he did not raise this concern at his change of plea hearing. *See United States v. Newson*, 46 F.3d 730, 733 (8th Cir. 1995) (failure to raise lawyer's known ineffective performance at plea hearing refutes ineffective assistance claim); Plea & Sentencing Transcripts, Doc. Nos. 57, 58 (testifying he was satisfied with his lawyer). His motion is therefore denied.

There is no need to conduct an evidentiary hearing because the record conclusively shows Raglin is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted). And no certificate of appealability is issued because he has not made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 13th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE